# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| BRENDAN NASBY, | ) | 3:17-CV-0447-MMD-CBC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | May 15, 2019 |
| | ) | |
| STATE OF NEVADA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

PRESENT: THE HONORABLE CARLA BALDWIN CARRY, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:        LISA MANN        REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Plaintiff filed a document entitled "motion for preliminary injunctive relief and a motion for appointment of counsel" (ECF No. 24/25). Although plaintiff's motion is entitled as a motion for preliminary injunction, the motion only seeks appointment of counsel and a request for extension of his copywork limit. (*Id.*) Defendants opposed the motion as a motion for appointment of counsel and for copywork extension (ECF No. 30), and defendant replied (ECF No. 33). Therefore, the court will address this motion (ECF No. 24/25) as a motion for appointment of counsel and for copywork limit extension only,[1] and the motion is **GRANTED in part** and **DENIED in part** as follows.

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). In only "exceptional circumstances," the court may request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). The court exercises discretion in making this finding. *Id.* (citing *Palmer*, 560 F.3d at 970).

---

[1] To the extent plaintiff seeks injunctive relief, that motion is **DENIED without prejudice**.

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The court is faced with similar cases almost daily. The court will not enter an order directing the appointment of counsel in this case. The plaintiff has demonstrated that he is able to litigate this case on his own. He has filed a complaint and motions with the court. The plaintiff may have the assistance of law clerks at the prison.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 24/25) is **DENIED**.

Plaintiff's motion for extension of legal copy work (ECF No. 24/25) is **GRANTED in part**. In his motion, plaintiff states that he has exceeded his photocopy limit and requests that the court allow him to exceed the limit in order to prosecute this case. The court will allow plaintiff a one-time opportunity to exceed his photocopy limit in the amount of $15.00 in this case. The additional $15.00 shall be added to plaintiff's prison account to be paid when plaintiff has funds available. The court cautions plaintiff that he should carefully consider the documents he intends to copy because the court will not allow plaintiff to exceed the copy limit by more than $15.00 under any circumstance.

The Clerk shall mail a copy of this order to Chief of Inmate Services for NDOC, P.O. Box 7011, Carson City, Nevada 89702.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK

By:_____/s/_____
Deputy Clerk