UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRENDAN NASBY,<br><br>      Plaintiff,<br> v.<br><br>JAMES COX, *et al.*,<br><br>      Defendants. | Case No. 3:17-cv-00447-MMD-CLB<br><br>ORDER |

**I. SUMMARY**

*Pro se* Plaintiff Brendan Nasby is an inmate currently in the custody of the Nevada Department of Corrections ("NDOC"). Plaintiff filed a complaint under 42 U.S.C. § 1983 against Defendants[1] alleging denial of meaningful access to the courts due to Plaintiff's purported inability to access the law libraries at Lovelock Correction Center ("LCC") and Ely State Prison ("ESP") in violation of his First and Fourteenth Amendments rights. (ECF No. 49 ("Complaint").)

The parties filed competing motions for summary judgment. (ECF Nos. 85, 95.)[2] Before the Court is the Report and Recommendation (ECF No. 108 ("R&R")) of United States Magistrate Judge Carla L. Baldwin. The R&R recommends the Court grant Defendants' summary judgment motion as Plaintiff is unable to offer evidence to prove Counts I, II, and III of his Complaint. (*Id.*) Plaintiff objects to Judge Baldwin's R&R. (ECF No. 111 ("Objection").) As further explained below, the Court will overrule the Objection.

---

[1] Plaintiff's Complaint names the following as defendants: The State of Nevada, *ex rel.*, NDOC, *et al.*, James Cox, E.K. McDaniel, Adam Endel, Debra Brooks, Renee Baker, Howard Skolnick, Quentin Byrne, Tara Carpenter, William Sandie, Robert LeGrand, Harold "Mike" Byrne, Adam Watson, and Michael Fletcher (collectively, "Defendants"). (ECF No. 49 at 2.)

[2] The Court has reviewed the summary judgment motions and the corresponding responses and replies. (ECF Nos. 98, 103, 104, 105.)

The Court agrees with Judge Baldwin's analysis that Plaintiff is unable to offer evidence of actual injury and of Defendants' personal participation in any constitutional deprivation Plaintiff allegedly suffered. The Court therefore adopts Judge Baldwin's R&R in full.

## II. BACKGROUND

The Court incorporates by reference Judge Baldwin's recitation of the factual background (ECF No. 108 at 1-4), and does not recite it here.

Relevant to this order, Judge Baldwin's R&R determines that Defendants are entitled to summary judgment on Plaintiff's Count I involving First Amendment meaningful access to the courts claim. (ECF No. 108 at 6-12.) Judge Baldwin reasoned the following: (1) Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) Plaintiff fails to meet the actual injury threshold for establishing a claim; (3) Plaintiff has not provided sufficient evidence to show the prison's paging system for lock-down inmates is constitutionally inadequate; and finally (4) Plaintiff fails to show Defendants personally participated in causing any constitutional deprivation Plaintiff allegedly suffered. (*Id.*)[3]

Judge Baldwin also determines that Defendants are entitled to summary judgment on Plaintiff's Count I, II, and III involving Fourteenth Amendment due process claims as Plaintiff is unable to show actual injury to establish a cause of action and the claims are additionally barred by *Heck*. (*Id.* at 12-13.)

Plaintiff disagrees with Judge Baldwin's recommendations and timely filed his Objection. (ECF No. 111.)

## III. LEGAL STANDARDS

### A. Review of the Magistrate Judge's Recommendation

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is

---

[3]The Court agrees with Judge Baldwin's analysis regarding reasons (1) the *Heck* bar, and (3) Plaintiff's lack of evidence to show meaningful access. Further discussion of these two reasons is unnecessary and unwarranted.

2

required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because of Plaintiff's Objection to the R&R, the Court has undertaken a *de novo* review of it, including the underlying briefs.

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation omitted).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material,

to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

### IV. DISCUSSION

Following a *de novo* review of the R&R, relevant briefs, and other records in this case, the Court finds good cause to accept and adopt Judge Baldwin's R&R in full. The Court addresses Plaintiff's Objection below.

#### A. Actual Injury

Judge Baldwin recommends that Defendants' motion for summary judgment be granted because Plaintiff fails to show actual injury with respect to Count I. (ECF No. 108 at 9.) She reasoned that Plaintiff's belief that Plaintiff would succeed in his post-conviction relief petition was "merely speculative" and was unsupported by evidence. (*Id.*) Judge Baldwin points to state and federal court cases that have rejected Plaintiff's law library access arguments. (*Id.* (citing ECF No. 85 at 85-87, 96-100, 107-109.)) Citing *Phillips v. Hust*, 477 F.3d 1070 (9th Cir. 2007), Plaintiff appears to counter that to show actual injury, Plaintiff "need only demonstrate that an *arguable* claim was lost." (ECF No. 111 at 10 (emphasis in original).) The Court is unpersuaded by Plaintiff's argument and agrees with Judge Baldwin.

The Supreme Court has held that a § 1983 litigant must show prison officials' inadequacies or restrictions to access prison law library and legal assistance has caused the litigant "actual injury." *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996). More specifically, the Court stated that a litigant "could demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 352-53. Plaintiff asserts in his Objection, "[h]ad Nasby been able to discover the *Nika* case . . . he could have been able to file a timely petition based on *Nika* and possibly obtained habeas corpus relief." (ECF No. 111 at 7-

8.)[4] Plaintiff's assertion, however, runs up against a decision of the Court of Appeals of the State of Nevada denying his postconviction petition. There, Plaintiff claimed "he had good cause to excuse the procedural bars as a result of inadequate access to legal materials." (ECF No. 85 at 84.) The Court of Appeals determined that, "[e]ven assuming inadequate access to legal materials" giving Plaintiff good cause "to re-raise the jury instruction issue . . . Nasby cannot demonstrate actual prejudice or a fundamental miscarriage of justice will result from the failure to consider his claims." (*Id.* at 86.) Plaintiff's alleged injury of losing an arguable claim does not satisfy *Lewis* and is—as Judge Baldwin accurately characterized—merely speculative. Plaintiff therefore cannot demonstrate an actual injury. Moreover, without actual injury, Plaintiff is also unable to establish a cause of action in bringing Counts II and III for Fourteenth Amendment due process violations. The Court thus agrees with Judge Baldwin.

### B. Personal Participation

Judge Baldwin recommends that Defendants' motion for summary judgment be granted on the additional ground that Plaintiff is unable to show Defendants' personal participation in any harm allegedly suffered by Plaintiff with respect to Count I. (ECF No. 108 at 12.) Plaintiff cites to a Seventh Circuit Court of Appeals case and appears to argue that Defendants meet the personal participation requirement so long as the alleged constitutional violation occurred under Defendants' direction or Defendants had knowledge or consent. (ECF No. 111 at 17 (citing *Gentry v. Duckworth*, 65 F.3d 555 (7th Cir. 1995).) Plaintiff further counters that Defendants meet the personal participation requirement if they establish or write regulations that deny meaningful access to the courts. (*Id.*) The Court does not agree with Plaintiff.

The Ninth Circuit Court of Appeals, whose decision binds this Court, has held that § 1983 liability arises "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir 1989). "A supervisor is only liable for

---

[4] *See Nika v. State*, 198 P.3d 839 (Nev. 2008).

5

constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, there is no *respondeat superior* liability under § 1983. *Id.* (citing *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675 (9th Cir. 1984)). The Court's *de novo* review of the record confirms Judge Baldwin's determination that Plaintiff has not provided sufficient evidence to show Defendants personally participated in any constitutional deprivation Plaintiff allegedly suffered. The Court thus agrees with Judge Baldwin's recommendation.

## V.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 108) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 95) is granted.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 85) is denied.

The Clerk of Court is directed to enter judgment in Defendants' favor in accordance with this order and close this case.

DATED THIS 30th Day of November 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE